UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

TIM ROBERT WEBER,                    )      CASE NO. 1:09 CV 2406
                                     )
        Plaintiff,                   )      JUDGE SOLOMON OLIVER, JR.
                                     )
     v.                              )
                                     )      MEMORANDUM OF OPINION
OFFICER STONE,                       )      AND ORDER
                                     )
        Defendant.                   )


On October 16, 2009, plaintiff pro se Tim Robert Weber
filed this in forma pauperis action against "Officer Stone."  The
"complaint" consists of a one page attachment, which is a copy of
a disorderly conduct citation issued to Mr. Weber, and which
appears to contain Mr. Weber's handwriting in the margins.  The
rambling notes scribbled on it are mainly unintelligible.  They do
refer to an "Officer Smith's" staff searching his back porch and
not allowing him entry into the building and elsewhere, refers to
an Officer Stone.  However, it is impossible to discern the claim
Plaintiff seeks to pursue.

Although pro se pleadings are liberally construed, Boag
v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v.
Kerner, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se pleadings are not without limits.  Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudette, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Id.

---

[1]    A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim.  <u>See</u>, <u>Lillard v. Shelby County Bd. of Educ,</u>, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).  Accordingly, the request to proceed <u>in forma pauperis</u> is granted and this action is dismissed under section 28 U.S.C. § 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


<u>/s/*SOLOMON OLIVER, JR.*</u>
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

December 30, 2009